FILED
2019 Nov-21  PM 03:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

**NICHOLAS WANSTEN,**

     **PLAINTIFF,**

**VS.**                              **CV NO.:**

**HMSHOST CORPORATION,**

     **DEFENDANT.**                **JURY TRIAL DEMANDED**

### COMPLAINT

## I.    JURISDICTION

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201, and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA.

## II.    PARTIES

2.    Plaintiff, Nicholas Wansten (hereinafter "Plaintiff"), is a resident of Gardendale, Jefferson County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Southern Division.

3.     Defendant, HMSHOST Corporation (hereinafter "Defendant"), is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama.  Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s). Therefore, this Court has jurisdiction over Defendant.

## III.   STATEMENT OF FACTS

4.     Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-3 above.

5.     Defendant hired Plaintiff on or about July 2017.

6.     Defendant initially employed Plaintiff as a bartender.

7.     Defendant employed Plaintiff at its restaurant located inside the Birmingham-Shuttlesworth International Airport located in Birmingham, Alabama.

8.     During the three years preceding the filing of this Complaint, Plaintiff typically worked over forty hours in a workweek.

9.     At all times during the employment relationship, Defendant classified Plaintiff as an hourly paid, non-exempt employee.

10.     Throughout Plaintiff's employment, Defendant paid Plaintiff an hourly rate of $5.35 per hour.

11.     Defendant required servers and bartenders to participate in a tip pool.

12. Defendant paid Plaintiff less than the Federal Minimum Wage for all hours worked.

13. As a result of the reduced wage, Plaintiff's labor as a bartender allowed him to retain his earned tips or otherwise participate in a tip pool with other employees.

14. At the beginning of Plaintiff's employment, Defendant employed Breanna Banks.

15. Defendant employed Banks as a cook.

16. During January 2018, Breanna Banks quit her job.

17. Defendant did not immediately hire a new cook.

18. As a result of the lack of a qualified chef, Plaintiff performed his tipped duties as a bartender as well as the duties of a Chef or Cook including preparing dishes and food orders in the Defendant's kitchen.

19. Despite performing these cooking duties, Defendant continued to pay Plaintiff the reduced minimum wage.

20. As a result of Defendant's inability to staff a cook, Plaintiff also performed labor at the reduced minimum wage that included cleaning the restaurant floor, the bar, and the kitchen.

21. Defendant hired a new cook, Shaniece (LNU), during late April 2018.

22.     Throughout Plaintiff's employment, Defendant's manager deducted time from Plaintiff's recorded working hours for a break, but Defendant's manager directed Plaintiff to continue to work.

23.     At the end of his shift, Defendant required Plaintiff, to perform non-serving, non-tip-producing duties for approximately three to four hours each shift.

24.     During this time Plaintiff performed non-serving duties, Defendant still only paid Plaintiff the tipped employee's cash wage of $5.35 per hour.

25.     Duties performed during these times included cleaning tables, sweeping and vacuuming floors, cleaning under tables, wiping down tables, wiping down kitchen stations, organizing chairs, filling condiment and sauce dispensers, cleaning dirty condiment and sauce dispensers, servicing the wait station, emptying cracker baskets and bringing them to the dishwashing station, dismantling and cleaning drink containers which involved bringing them to the back, washing them with bleach, and rinsing them, picking up trash, washing pans and dishes (often by hand), rolling silverware, re-racking clean dishes and utensils, cleaning coolers which often involved removing every item from the cooler to wipe it down, and then putting the items back inside, and ordering the ingredients and products for the next day.

26.     Plaintiff spent in excess of 20% of his working time performing these non-tip-producing activities as described in the paragraph above.

27.    Defendant improperly claimed the FLSA tip credit (29 U.S.C. § 203(m)) for time spent performing this non tip-producing work.

28.    The time spent on these non-tip producing activities was not occasional, incidental, or insignificant; it was substantial.

29.    Defendant could have easily calculated the time Plaintiff spent on these non-tip-producing tasks, as such duties were performed at the end of the Plaintiff's shifts and not interspersed throughout the shift.

30.    Defendant employed Eunice Patterson.

31.    Patterson served as one of Defendant's managers working at the Birmingham-Shuttlesworth International Airport.

32.    Patterson had responsibilities regarding locking up Defendants' restaurant locations.

33.    Defendant placed Patterson in another location inside the Birmingham International Airport, such that when Plaintiff's shift ended, Plaintiff had to locate Patterson and wait for her to run the final's day sales report, clock-out Plaintiff for the shift, and lock up the restaurant.

34.    Defendant employed Paul (LNU) as its Director.

35.    Defendant employed Pearl (LNU) as its Assistant Director.

36.    Both Paul (LNU) and Pearl (LNU) had knowledge that Plaintiff performed labor at the reduced minimum wage, but performed non-tipping labor.

37.   Defendant employed Jajuna Bean.

38.   Bean served as the direct manager that supervised Plaintiff.

39.   On occasion, when Bean worked with Plaintiff, she retained tips that were due and owed to Plaintiff; however, the tips were reported entirely as Plaintiff's wages.

40.   At times, Defendants' managers assigned Plaintiff to train a new employee(s).

41.   When these new employees were trained, the new employee(s) received a portion of the tips earned by Plaintiff.

42.   Upon information and belief, Defendant did not pay the new employee(s) the reduced minimum wage, but still directed Plaintiff to pool his tips with the new employee(s).

43.   While training new employees, the new employees retained tips that were due and owed to Plaintiff; however, the tips were reported entirely as Plaintiff's wages.

## IV.   COUNT ONE – FLSA – Minimum Wage Violations/Improper Tip Pool

44.   Plaintiffs hereby incorporate by reference each of the allegations contained in paragraphs 1-43 above.

45.     During the three years preceding the filing of this Complaint, Defendant was an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. 203(s)(1).

46.     During the three years preceding the filing of this Complaint, Defendant has been a company wherein two or more employees, including the Plaintiff, are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

47.     Defendant's gross annual volume of revenue exceeds $500,000.

48.     At all times relevant to this action, Defendant was an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

49.     During the three years preceding the filing of this Complaint, Plaintiff was an employee of Defendant as defined by 29 U.S.C. § 203(e)(1).

50.     Plaintiff was engaged in interstate commerce and/or the production of goods for interstate commerce while working for Defendant. Plaintiff's interstate commercial activity included, but was not limited to, mixing drinks, pouring beers, preparing food, and selling products that originated out of state or outside of the United States to persons traveling through the Birmingham-Shuttlesworth International Airport, and processing credit card and debit card transactions for those customers that crossed state lines.

51.     Defendant improperly claimed the FLSA tip credit (29 U.S.C. § 203(m)) for time spent performing this non tip-producing work.

52.     As a result of Defendant's failure to pay Plaintiff the minimum wage for non-tip producing labor, Defendant improperly claimed the FLSA tip credit (29 U.S.C. § 203(m)) for time spent performing this non tip-producing work.

53.     As a result of Defendant's pay practices, Plaintiff seeks recovery of his wages such that he be paid the minimum wage for all hours worked.

54.     As the result of Defendant's willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of minimum wage as required by 29 U.S.C. § 206(a)(1)(C).

## V.  COUNT TWO – FLSA – OVERTIME WAGES

55.     Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-54 above.

56.     During the three years preceding the filing of this Complaint, Defendant was an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. 203(s)(1).

57.     During the three years preceding the filing of this Complaint, Defendant has been a company wherein two or more employees, including the Plaintiff, are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

58.     Defendant's gross annual volume of revenue exceeds $500,000.

59.     At all times relevant to this action, Defendant was an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

60.     During the three years preceding the filing of this Complaint, Plaintiff was an employee of Defendant as defined by 29 U.S.C. § 203(e)(1).

61.     Plaintiff was engaged in interstate commerce and/or the production of goods for interstate commerce while working for Defendant. Plaintiff's interstate commercial activity included, but was not limited to, mixing drinks, pouring beers, preparing food, and selling products that originated out of state or outside of the United States, and processing credit card and debit card transactions that crossed state lines.

62.     During the three years preceding the filing of this Complaint, Defendant recorded Plaintiff's hours worked in excess of forty hours for a workweek on at least one or more occasion.

63.     Defendant improperly claimed the FLSA tip credit (29 U.S.C. § 203(m)) for time spent performing this non tip-producing work.

64.     As a result of Defendant's failure to pay Plaintiff the minimum wage for non-tip producing labor, Defendant improperly claimed the FLSA tip credit (29 U.S.C. § 203(m)) for time spent performing this non tip-producing work.

65.     Defendant failed to pay Plaintiff for all hours worked in excess of forty in a workweek.

66.     As the result of Defendant's willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of overtime premium for his regular rate of pay as required by 29 U.S.C. § 207.

67.     During the three years preceding the filing of this complaint, Defendant failed to pay Plaintiff the federally mandated overtime wage in one or more weeks.

68.     Because of Defendant's willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of the federally mandated overtime premium for all the hours he worked.

69.     As a result of Defendant's pay practices, Plaintiff seeks recovery of his wages such that he be paid overtime premium and/or the overtime rate for all hours worked.

## VI.  PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A.     The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

B.     This Court award Plaintiff the amount of his unpaid overtime pay, unpaid overtime premium, unpaid minimum wages, liquidated damages equal to the amount of all unpaid wages; nominal damages; and special damages;

C.   That Plaintiff be granted judgment against Defendant for all reasonable

attorneys' fees, costs, disbursements and interest; and

D.   For such other and further relief as this Court deems equitable, proper

and just.

_____
Allen D. Arnold

**OF COUNSEL:**

ALLEN D. ARNOLD, LLC
A Member of The Five Points Law Group, LLC
2151 Highland Avenue South, Ste. 205
Birmingham, Alabama 35205
T: (205) 252-1550
F: (205) 502-4476
allen@5pointslaw.com

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

_____
OF COUNSEL

**DEFENDANTS ADDRESSES:**
HMSHOST CORPORATION
c/o Corporation Service Co.
641 South Lawrence Street
Montgomery, AL 36104